Isaac D. Titsworth

*v.*

John I. Holly and others.

A mortgage was given by Holly and Platt to Brewster, in satisfaction of a decree for deficiency in favor of one Trippe against Holly and Platt on the foreclosure of a first mortgage on lands then owned by Holly and Platt, and bought at the foreclosure sale by Brewster and one Murphy. Trippe's decree had then been assigned to Brewster and Murphy, who also held a second mortgage on the premises which had been given to Platt and assigned by him to them. On foreclosure of Brewster's mortgage,—*Held*, that an agreement made two days after Brewster's mortgage, by Brewster and Murphy, to assign to Holly and Platt the second mortgage (which, after the foreclosure and sale under the first, possessed no value), on their satisfying the decree for deficiency, the evidence being unsatisfactory that any demand for such assignment had ever been made, was satisfied by Brewster and Murphy's tender of such assignment when their bill was filed.

Bill to foreclose. On final hearing on pleadings and proofs.

*Mr. W. J. Magie*, for complainant.

*Mr. J. D. Bartine*, for defendants, Holly and Platt.

The Chancellor.

The mortgage in suit was given to John L. Brewster by Holly and Platt, in satisfaction of a decree of this court in a foreclosure suit against them in favor of William R. Trippe for deficiency. Brewster and Herbert Murphy were, when the mortgage was given, owners of the decree by assignment. The mortgaged premises in that suit had been sold, and Brewster and Murphy, who held a mortgage given by James R. Gilmore to Platt, and assigned to them by the latter on the property, subsequent to Trippe's mortgages, purchased them at the sheriff's sale, and purchased the decree from Trippe.

Titsworth *v.* Holly.

Holly and Platt insist that part of the consideration of the mortgage now in suit has failed by the default of Murphy and Brewster; that they, Holly and Platt, gave the mortgage in suit not only in consideration of the cancellation of the decree for deficiency, but in consideration also of an agreement to assign to them the Gilmore bond and mortgage.

The Gilmore mortgage was of no value (the property had been sold under foreclosure of prior mortgages) and it does not appear that the bond had any value. But, however that may have been, no demand was ever made upon Murphy or Brewster for them or for the assignment. Platt indeed swears that after he obtained the satisfaction piece for the decree (which he obtained by delivering the mortgage in suit with the bond to Murphy and Brewster's lawyer), he showed it to Murphy, and told him he wanted him to draw the assignment of the Gilmore mortgage, assigning it to Holly, but it does not appear that either he or Holly ever demanded the bond and mortgage or the assignment, or spoke to either Murphy or Brewster about them afterwards. Murphy and Brewster tender the bond and mortgage and assignment. It appears very probable that the agreement to assign the bond and mortgage was no part of the consideration of the mortgage now in suit, but was a subsequent, voluntary concession on the part of Murphy. The agreement for the assignment is contained in a note from him to Platt (dated two days after the date of the mortgage in suit), agreeing to assign the Gilmore bond and mortgage as soon as the decree for deficiency was satisfied.

No defence is established. There will be a decree accordingly.